**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-4256**

─────────────

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

KEVIN FORDE, a/k/a Miami Kev,

Defendant - Appellant.

─────────────

**No. 13-4261**

─────────────

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ALANO CHRISTOBO BLANCO,

Defendant - Appellant.

─────────────

Appeals from the United States District Court for the Eastern District of Virginia, at Newport News. Mark S. Davis, District Judge. (4:11-cr-00089-MSD-DEM-3; 4:11-cr-00089-MSD-DEM-24)

─────────────

Submitted: January 30, 2014        Decided: March 10, 2014

─────────────

Before SHEDD, DIAZ, and FLOYD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

———————————

Charles D. Lewis, Richmond, Virginia; Robert C. Neeley, Jr., Virginia Beach, Virginia, for Appellants. Dana J. Boente, Acting United States Attorney, Eric M. Hurt, Assistant United States Attorney, Mythili Raman, Acting Assistant Attorney General, Louis A. Crisostomo, Organized Crime and Gang Section, Daniel Steven Goodman, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury found Kevin Forde and Alano Christobo Blanco guilty of conspiracy to possess with intent to distribute and distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2012). In addition, Forde was convicted of distribution of cocaine, in violation of 21 U.S.C. § 841(a) (2012), and use of a communication facility to commit an offense, in violation of 21 U.S.C. § 843(b)(2012); and Blanco was convicted of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (2012), and interstate travel in aid of racketeering, in violation of 18 U.S.C. § 1952(a)(3) (2012). The district court sentenced Forde to 300 months of imprisonment and Blanco to 235 months of imprisonment and they now appeal. Finding no error, we affirm.

Forde argues on appeal that the district court erred in denying his motion to sever the trials. We review the denial of a motion to sever for abuse of discretion. United States v. Dinkins, 691 F.3d 358, 367 (4th Cir. 2012), cert. denied, 133 S. Ct. 1278 (2013). "[W]hen an indictment properly has joined two or more defendants under the provisions of [Fed. R. Crim. P.] 8(b), severance pursuant to [Fed. R. Crim. P.] 14 is rarely granted." Id. at 368 (citation omitted). "To successfully challenge the district court's refusal to sever under Rule 14(a), [Forde] faces the daunting task of demonstrating that

there was a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." United States v. Blair, 661 F.3d 755, 770 (4th Cir. 2011) (internal quotation marks omitted). Moreover, "we will not reverse a denial of a motion to sever absent a showing of clear prejudice." Dinkins, 691 F.3d at 368 (citations omitted). We have thoroughly reviewed the record and the relevant legal authorities and conclude that the district court did not abuse its discretion in denying Forde's motion to sever.

Blanco argues on appeal that there was insufficient evidence to support the jury's verdict on the charge of conspiracy to commit money laundering. We review a district court's decision to deny a Fed. R. Crim. P. 29 motion for a judgment of acquittal de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The verdict of a jury must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" Smith, 451 F.3d at 216 (citations omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks and citation

4

omitted).  Furthermore, "[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented."  Beidler, 110 F.3d at 1067 (internal quotation marks and citation omitted).  "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear."  Id. (internal quotation marks and citation omitted).

Under 18 U.S.C. § 1956(a)(1)(B)(i) (2012), it is unlawful for a person who knows that the property involved in a financial transaction represents the proceeds of unlawful activity to conduct a financial transaction with those proceeds, knowing that the transaction is designed to conceal or disguise the source of those proceeds.

> To obtain a conviction for money laundering conspiracy under 18 U.S.C. § 1956(h), the Government must prove the following essential elements: (1) the existence of an agreement between two or more persons to commit one or more of the substantive money laundering offenses proscribed under 18 U.S.C § 1956(a) or § 1957; (2) that the defendant knew that the money laundering proceeds had been derived from an illegal activity; and (3) the defendant knowingly and voluntarily became part of the conspiracy.

United States v. Green, 599 F.3d 360, 371 (4th Cir. 2010) (citation omitted).  Our review of the record leads us to conclude that the Government provided substantial evidence to support the jury's finding of guilt.

5

Blanco also argues that the district court erred in calculating the drug weight, by including in the calculation a conversion of an amount of currency to an equivalent amount of cocaine. "The calculation of the amount of drugs which results in the establishment of the base offense level is a factual determination subject to review only for clear error." United States v. Hicks, 948 F.2d 877, 881 (4th Cir. 1991) (citation omitted). We will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks and citation omitted).

A district court may consider the drug equivalent of cash seized as relevant conduct for purposes of calculating the drug weight attributable to a defendant. Hicks, 948 F.2d at 882. The court should consider such an amount when there are no drugs seized or the amount of drugs seized fails to reflect the scale of the offense and when the cash was part of the same course of conduct as the offense of the conviction. See id. at 882-83; see also U.S. Sentencing Guidelines Manual § 2D1.1 cmt. n.5 (2013). We conclude that the district court did not commit clear error in calculating the drug weight attributed to Blanco.

Accordingly, we affirm the judgments of the district court and deny Forde's motion to file a pro se supplemental

6

brief.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED